# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DURIEL HANNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-022 |
| | ) | |
| CHIEF JUDGE F. GATES PEED, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Duriel Hanna filed a Complaint alleging that his constitutional rights were violated when Effingham County Superior Court Judge F. Gates Peed ruled against him in an unspecified proceeding, subsequently revealed to have been a domestic relations case. *See* doc. 1 at 1-2; *see also, e.g.,* doc. 14-1 at 1-2. The Court granted him leave to proceed *in forma pauperis*, doc. 8, and recommended that his Complaint be dismissed because his assertion of a civil claim based upon an alleged violation of a criminal statute was meritless and Peed enjoyed absolute judicial immunity against any other civil claim, *see* doc. 9 at 4-5. While that recommendation was pending, Peed appeared and moved to dismiss the Complaint. *See* doc. 14. The Court vacated its

1

recommendation, doc. 16, and, after a brief delay, *see, e.g.,* doc. 18, that motion is ripe for disposition, *see, e.g.,* doc. 21.

As the Court previously summarized, *see* doc. 9 at 3-4, Hanna's Complaint alleges that he was a party to a proceeding before Chief Judge Peed in Effingham County, Georgia.  *See* doc. 1 at 1.  At a hearing in 2022, Judge Peed "awarded judgment" against him.  *Id.*  In September 2023, "during a [c]ontempt hearing," Judge Peed, apparently, rejected Hanna's "Motion to Vacate Judgment," and upheld the judgment.  *Id.*  Hanna alleges that the "dismissal of [his] Motion without explanation constitutes a failure to uphold [Judge Peed's] duties.  *Id.* at 2.  He also alleges various defects in the judgment and the prior order.  *Id.*  He asserts those facts allege violations of 18 U.S.C. § 242 and 42 U.S.C. § 1983.  *Id.* at 1.  He seeks $2.5 million in compensatory damages, $2.5 million in punitive damages, an injunction "prohibiting Defendant . . . from engaging in similar actions in the future[,]" dismissal of orders previously issued related to child support and custody, and "attorney's fees and costs totaling $20,000."  *Id.* at 2.

Peed has moved to dismiss those claims on multiple grounds.  First, he asserts that the claims against him, to the extent that they assert torts

committed in his official capacity, are barred by the Eleventh Amendment. Doc. 14-1 at 3-4. Second, he asserts absolute judicial immunity against any claim asserted against him in his individual capacity. *Id.* at 5-7. Third, he points out that Hanna's requests for injunctive relief are not available under 42 U.S.C. § 1983 and fundamental principles of Federalism. *Id.* at 7-14. Finally, he asserts that Hanna's Complaint fails to state any § 1983 claim. *Id.* at 14-17. Since, as explained below, Peed's immunity arguments and arguments against injunctive relief are correct, the Court does not reach his argument that Hanna fails to state a claim.

Hanna did not respond timely to the Motion to Dismiss. *See* doc. 18. He responded to the Court's Order concerning that failure, doc. 19, and filed substantive responses to Defendant's pending motions, docs. 20 & 21. Defendant filed a reply to Hanna's responses, doc. 25, and Hanna filed a sur-reply, doc. 26.[1] Hanna has also filed several other documents,

---

[1] Defendant's reply brief merely points out that Plaintiff's response "makes clear that he was dissatisfied with Defendant's performance as a judge overseeing a proceeding to which Plaintiff was a party." Doc. 25 at 1. It also perfunctorily dismisses arguments Plaintiff asserted in his response. *See id.* Plaintiff's sur-reply is entirely occupied in rebutting Defendant's rejection. *See* doc. 26 at 1 (Defendants add false accusations which clearly show this person did not read the document in its entirety nor the original document to dismiss by the defendant."). Neither submission adds any valuable analysis for the Court's consideration. While Plaintiff's indignation may

3

discussed below.  Docs 23 & 24.  First, the Court accepts Hanna's explanation that his failure to respond timely to the Defendant's motions was the result of excusable neglect.  *See* doc. 19 at 2-3.  Although the Court considers the substance of his responses, for the reasons explained below, the Motion to Dismiss should be **GRANTED**.  Doc. 14.

Under a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009) (citation omitted).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  On the contrary, legal conclusions "must be supported by factual allegations." *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).  Therefore, "only a complaint that states a

---

be excessive, counsel for Defendant would do well to consider the context of this litigation, and the Court's ability to discern the merits of the arguments presented to it, before filing discretionary reply briefs.

plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

Defendant is correct that, to the extent that Hanna alleged any claim against Judge Peed in his official capacity,[2] that claim is barred by the Constitution's Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. The Supreme Court has made clear that the states' immunity extends to suits by their own citizens. *See, e.g., Hans v. Louisiana*, 134 U.S. 1 (1890). It has also held that suits against state officials in their official capacities are also barred. *See, e.g., Graham*, 473 U.S. at 169. Suits against state courts, and judges in their official capacities, are barred by the Eleventh Amendment, as the courts are merely arms of the state. *See, e.g., Thorpe v. Dumas*, 788 F. App'x 644, 649 (11th Cir. 2019); *Stegeman v. Georgia*, 290 F. App'x 320, 322-23 (11th

---

[2] "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. [Cit.] Official capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal quotation marks and citations omitted)).

Cir. 2008) (citing *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993)). Although not entirely clear, Hanna's response to the Motion suggests that he did not intend to assert any claims against Judge Peed in his official capacity, which would implicate the Eleventh Amendment. *See* doc. 21-1 at 6. Regardless of his intent, Defendant is correct that any such claim is barred and should be dismissed.

Defendant is also correct that Judge Peed enjoys absolute judicial immunity against any claim asserted against him in his individual capacity, arising out of his judicial actions. Judges are generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). While Hanna asserts numerous errors in Judge Peed's disposition of the proceeding at issue, *see* doc. 21-1 at 7-8, none even suggests that that disposition was in the "clear absence of all jurisdiction." *Cf.* O.C.G.A. §§ 15-6-8, 19-5-1. Hanna's argument that Judge Peed's calculation of his

future income,[3] as a component of his divorce disposition, was "accounting malpractice," *see* doc. 21-1 at 6, while creative, is unavailing. *See, e.g., Van Tassel v. Lawrence Cnty. Domestic Relations Section*, 659 F. Supp. 2d 672, 677, 697-98 (W.D. Pa. 2009) ("errors in the computation of the overdue [child] support due, [which] were contained in two separate judgments," did not avoid judicial immunity); *Lucious v. McLaughlin*, 2023 WL 2025230, at *2 (S.D. Cal. Feb. 14, 2023) (calculating amount of child support was a "normal judicial action[ ] taken in the course of family court proceedings over which Defendant had jurisdiction."). Since Hanna's Complaint and subsequent filings make clear that he seeks damages arising out of Defendant's judicial disposition of a family court proceeding over which, as a Superior Court Judge, he had jurisdiction, Defendant enjoys absolute judicial immunity against those claims, notwithstanding Hanna's allegations of error and impropriety, and they should be dismissed.

---

[3] It is somewhat ambiguous whether Hanna alleges that Defendant "miscalculated" the challenged amount or merely credited evidence which Hanna disputes. *Compare* doc. 11 at 2-3, *with* doc. 21-1 at 11 (Defendant "accepted a perjury filled testimony as the 'best interest of the child' and still awarded the judgment against me."). To the extent that Hanna disputes Defendant's acceptance of evidence, in his role as factfinder, that determination is obviously a judicial act. *See, e.g., Davis v. Taylor*, 898 S.E. 2d 574, 583 (Ga. Ct. App. 2024) (calculation of party's income in calculation of child support award "fell within the trial court's discretion as the factfinder.").

Finally, Defendant is correct that Hanna's claims for injunctive relief are either not available under § 1983 or barred. As Defendant points out, § 1983 expressly precludes claims for injunctive relief against judicial officers "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also* doc. 14-1 at 7-8. The Eleventh Circuit has explained, albeit in a slightly different context, that adequate remedies at law exist for correcting judicial errors; "[s]pecifically, plaintiffs may appeal any rulings, or actions taken, . . . [and i]n addition plaintiffs may seek an extraordinary writ such as a writ of mandamus . . . ." *Bolin v. Story*, 225 F.3d 1234, 1243 (11th Cir. 2000); *see also Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (plaintiff "is ineligible for equitable relief because he had access to the appellate process, a remedy at law . . ."). Analogous remedies are equally available to Hanna. *See, e.g.,* O.C.G.A. §§ 9-6-20, 19-6-11. Hanna's assertion that "a declaratory decree has been violated," doc. 21-1 at 8, appears to misunderstand the nature of a "declaratory decree." *See, e.g.,* 28 U.S.C. § 2201; O.C.G.A. § 9-4-2. It, therefore, appears that the injunctive relief Hanna seeks is simply not available under § 1983.

Even supposing that there were some viable basis for injunctive relief, the circumstances underlying Hanna's claims would preclude this Court from granting it. The United States Court of Appeals for the Eleventh Circuit has recently explained, in the context of emphasizing the limits of the so-called "Rooker-Feldman" doctrine, that "state court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts 'complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Behr v. Campbell*, 8 F.4th 1206, 1209-10 (11th Cir. 2021) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). While the Court is mindful of the Eleventh Circuit's admonition that the *Rooker-Feldman* doctrine is limited in scope, Hanna requests precisely the relief it precludes.

The *Behr* court was also emphatic that, where it applies, the Rooker-Feldman doctrine implicates the district court's subject-matter jurisdiction. As the court explained:

> this rule [*i.e.,* the Rooker-Feldman doctrine] follows naturally from the jurisdictional boundaries that Congress has set for the federal courts. First, federal district courts are courts of original jurisdiction—they generally cannot hear appeals.

9

> [Cit.] And second, only the Supreme Court can 'reverse or modify' state court judgments; neither district courts nor the circuits can touch them. [Cit.] Allowing federal district courts to alter or directly review the judgments of state courts would violate both those jurisdictional grants.

*Behr*, 8 F.4th at 1210 (citations omitted). The Federal Rules are clear that "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). That's the case here. The fact that Hanna contends that the judgment he disputes is "void," doc. 21-1 at 9-10, does not alter the fact that this Court lacks jurisdiction to provide him any relief from it. *See, e.g., Rice v. Gibbs*, 158 F. App'x 163, 166 (11th Cir. 2005) (claim challenging judgment allegedly void under state law was properly dismissed under *Rooker-Feldman*); *Blocker Farms of Fla., Inc. v. Bell*, 2014 WL 12573839, at *6 (S.D. Ga. Sept. 15, 2014). Hanna's claims seeking injunctive relief should, therefore, be dismissed.

More than half a century ago, the United States Court of Appeals for the Fifth Circuit succinctly stated "[t]he normal way to correct errors in the trial or other disposition of a law suit is by appeal, not by suing the judge." *Gay v. Heller*, 252 F.2d 313, 315 (5th Cir. 1958). Nothing has changed. Hanna spends a great deal of time in his various responses

arguing that Defendant's disposition of his divorce proceeding, and the ongoing consequences of that disposition, are fundamentally unjust. *See* doc. 21-1 at 11; *see also* doc. 20 at 3-4. Even if he were correct that the outcome was erroneous, it would not provide any basis for an award of damages against Defendant. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority." (internal quotation marks, alterations, and citation omitted)). Whether or not Hanna's dissatisfaction with the outcome of those proceedings is meritorious, this Court lacks the power to review that outcome.

Accordingly, Defendant's Motion to Dismiss should be **GRANTED**, doc. 14, and Plaintiff's Complaint should be **DISMISSED**, doc. 1. If the District Judge adopts this recommendation, Defendant's Motion to Stay should be **DISMISSED** as moot. Doc. 15. Pending the objections period, discussed below, and the District Judge's review, the Court **STAYS** all discovery and other deadlines *sua sponte*. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (district court has "broad discretion to stay proceedings as an incident to its power to control its own docket."); *Rivas*

11

*v. Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) ("District courts are entitled to broad discretion in managing pretrial discovery matters." (internal quotation marks, citation, and alteration omitted)).

In conclusion, the Court will address several procedurally ambiguous documents filed by Hanna. First, he filed a document titled "Special Appearance." Doc. 23. It purports to "challeng[e] the jurisdiction of this court." *Id.* at 1. It further states, "[p]reviously I was misled to believe that all your proceedings were lawful, but I now understand that the only way it was lawful was because of my consent." *Id.* It requests that the Court "allow Plaintiff to appear specially for the limited purpose of challenging personal jurisdiction." *Id.* at 3. Despite the request for Court action, the document has not been docketed as a motion. *See id.* Correction of that omission is moot, however, because the request is meritless. Plaintiffs necessarily submit themselves to the Court's jurisdiction by filing an action; they cannot invoke that jurisdiction to file the action and subsequently "dispute" it. Second, Hanna has filed, without any indication of his reason, copies of several "Dear Colleague" letters from the United States Department of Justice.

*See* doc. 24. Whatever the purported relevance of those materials, they do not alter the analysis above.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 22nd day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA