IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DURIEL HANNA, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-22 |
| v. | |
| CHIEF JUDGE F. GATES PEED, | |
| Defendant. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's April 22, 2024 Report and Recommendation, (doc. 27), to which Plaintiff has filed an objection, (doc. 30).[1] For the reasons explained below, the Court **ADOPTS** the Report and Recommendation as its opinion. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

As the Magistrate Judge summarized, Plaintiff Duriel Hanna's Complaint alleges that his rights were violated when Defendant, Effingham County Superior Court Chief Judge F. Gates Peed, issued allegedly defective rulings adverse to Hanna in the context of a divorce proceeding. (See, e.g., doc. 27, p. 2.) Defendant has moved to dismiss on multiple grounds. (See id., p. 2-3; see also doc. 14-1.) The Magistrate Judge recommended that Defendant's Motion be granted on several of those grounds. First, to the extent that Hanna asserted any of his claims against Chief

---

[1] Hanna has also filed a document titled "Brief in Support of Objections to Magistrate Judge's Report and Recommendation." (Doc. 31.) Since that document does not include any substantive argument, (see generally id.), the Court refers only to the Objection itself, (doc. 30).

Judge Peed in his official capacity, the Magistrate Judge recommended granting his Motion to Dismiss based on Defendant's Eleventh Amendment immunity. (Doc. 27, pp. 5-6.) Second, to the extent that Hanna asserted claims for monetary damages against Chief Judge Peed in his individual capacity, the Magistrate Judge recommended granting his Motion to Dismiss based on Defendant's absolute judicial immunity. (Id., pp. 6-7.) Finally, to the extent that Hanna sought injunctive relief against Chief Judge Peed, the Magistrate Judge recommended that his Motion to Dismiss be granted as such relief was not available under § 1983 or is barred by the Rooker-Feldman doctrine. (Id., pp. 8-10.)

      Hanna's Objection begins by responding to the Defendant's argument that his Complaint failed to state a claim upon which relief can be granted. (See doc. 30, pp. 2-5; doc. 14-1, pp. 14-17.) Since the Magistrate Judge recommended dismissal without reaching the sufficiency of Hanna's pleading, (see generally doc. 27), that response is moot. Hanna responds to the Magistrate Judge's Eleventh Amendment analysis by asserting that, because he contends Chief Judge Peed relied upon a nonexistent or invalid order in reaching the disputed disposition, "[Eleventh A]mendment immunity is not applicable." (Doc. 30, pp. 5-6.) As the Magistrate Judge explained, "[o]fficial capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent." (Doc. 27, p. 5 n. 2 (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal quotation marks omitted)).) Although it remains somewhat unclear whether Hanna even asserts a claim against Chief Judge Peed in his official capacity, it is clear that any such claim, regardless of its substance, is barred by the Eleventh Amendment. See, e.g., Pugh v. Balish, 564 F. App'x 1010, 1013 (11th Cir. 2014) ("[T]he Eleventh Amendment bars [plaintiff's] claims against the judge, since [plaintiff] is suing a state official, in federal court, for damages resulting from actions taken by the judge in his official

capacity." (citation omitted)).  The Court, therefore, agrees with the Magistrate Judge's conclusion that, to the extent Hanna asserted a claim for damages against Chief Judge Peed in his official capacity, any such claim is barred by the Eleventh Amendment.  (See doc. 27, p. 6.)

Hanna next objects to the Magistrate Judge's analysis of Defendant's absolute judicial immunity.  (See doc. 30, pp. 6-8.)  Hanna "argue[s] that when a judge makes a decision or takes actions that are expressly prohibited by law or court rules such as, knowingly enforcing an undocumented order, he acts in absence of all jurisdiction."  (Id., p. 7.)  Hanna is simply mistaken about the scope of immunity.  The Court appreciates his contention that the disputed order was erroneous, perhaps even egregiously so, but, as the Supreme Court has pointed out, "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority."  Mireles v. Waco, 502 U.S. 9, 12-13 (1991) (internal citation and quotations omitted).  As the Magistrate Judge pointed out, albeit implicitly, as a superior court judge, Chief Judge Peed clearly had jurisdiction over the family court proceeding within which the disputed order was entered.  (See doc. 27, p. 6 (citing O.C.G.A. §§ 15-6-8, 19-5-1).)  Thus, even assuming that the disputed order was entered erroneously, maliciously, or in excess of Defendant's authority, it was not entered in the clear absence of all jurisdiction.  See, e.g., Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").  The Court, therefore, agrees with the Magistrate Judge's conclusion that Chief Judge Peed enjoys absolute judicial immunity against Hanna's claims for monetary damages against him in his individual capacity.

Finally, Hanna objects to the Magistrate Judge's analysis of his request for injunctive relief.  (See doc. 30, pp. 8-10.)  Although the argument is not entirely clear, he appears to object to the

Magistrate Judge's determination that injunctive relief was not available under §1983. (Id., pp. 9-10.) As the Magistrate Judge explained, § 1983 expressly limits the availability of injunctive relief against judicial officers to cases where "a declaratory decree was violated or declaratory relief was unavailable," and plaintiff must lack an adequate remedy at law. (Doc. 27, p. 8 (quoting 42 U.S.C. § 1983) (citing Sibley v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005)) (internal quotation marks omitted).) Hanna objects to the Magistrate Judge's recognition that procedures exist under Georgia law for review of the disputed order because his appeal of that order was dismissed, apparently without any discussion of the merits. (See doc. 30, p. 9 (Plaintiff's explanation that he filed an appeal, but it "was dismissed for improper procedural filing."); see also doc. 27, p. 8 (citing O.C.G.A. §§ 9-6-20, 19-6-11).) The fact that Hanna's appeal of the disputed order failed does not render that remedy "unavailable." See, e.g., Salem v. Paroli, 260 B.R. 246, 254 (S.D.N.Y. 2001) ("[B]ecause plaintiff appealed Justice Pagones's decision . . . and both the Appellate Division, . . . and the New York Court of Appeals denied the appeal, declaratory relief was not 'unavailable' to him."); Buhannic v. Friedman, 2019 WL 481732, at *5 (S.D.N.Y. Feb. 7, 2019) ("Plaintiff could have—and often did—appeal Justice Friedman's prior decisions . . . , making clear that declaratory relief was not 'unavailable' to him."). The Magistrate Judge, therefore, correctly concluded that injunctive relief was not available to Hanna, under § 1983.[2]

Hanna also objects, again somewhat ambiguously, to the Magistrate Judge's conclusion that his request for injunctive relief is barred by the Rooker-Feldman doctrine. (See doc. 27, pp.

---

[2] Hanna's citation to the United States Supreme Court's opinion in Pulliam v. Allen, 466 U.S. 522 (1984), (doc. 30, p. 10), is unavailing for several reasons. First, the limitations on injunctive relief against judicial officers under § 1983 was enacted specifically to limit the scope of Pulliam. See, e.g., Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that Pulliam "has been partially abrogated by statue."). Moreover, to the extent that Hanna contends that Pulliam supports a monetary award, in the form of an award of attorney's fees under 42 U.S.C. § 1988, (see doc. 30 at 10), as a pro se plaintiff, he cannot recover attorney's fees, see, e.g., Kay v. Ehrler, 499 U.S. 432 (1991) (pro se plaintiff, even when himself an attorney, could not recover attorney's fees under § 1988).

9-10.)  As the Magistrate Judge explained, "state court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  (Id., p. 9 (quoting Behr v. Campbell, 8 F.4th 1206, 1209-10 (11th Cir. 2021) (internal quotation marks and citation omitted).)  Hanna argues that he is not "complaining about the decision the defendant made in a past court hearing . . . ," but seeking "to address the conduct of Judge Peed's blatant disregard of 28 U.S.C. § 1691," which imposes formal requirements on "[a]ll writs and process issuing from a court of the United States," and Federal Rule of Civil Procedure 58.  (Doc. 30, pp. 11-12.)  His contention that federal law is implicated in the disputed order is dubious, at best.[3]  However, he subsequently states that his claims arose "[a]fter the final order was rendered, [and] an appeal was filed, which was denied."  (Doc. 30, p. 13.)  The Court struggles to imagine a clearer statement that the claims at issue request review of a previously-rendered state-court judgment.  As the Magistrate Judge correctly explained, this Court lacks jurisdiction to undertake such a review.

---

[3]  First, § 1691 applies to "court[s] of the United States," which includes federal courts, not state courts.  Cf. U.S. Const., art. III § 1 ("The judicial Power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.").  That is, the statute binds "courts of the United States," not courts in the United States.  The Federal Rules of Civil Procedure also do not apply in state courts.  Cf. Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . .").  Therefore, neither § 1691 nor Rule 58 provide any viable basis for Hanna's assertion that the disputed order implicates any federal question.

Accordingly, Hanna's objections are **OVERRULED**. (Doc. 30). The Report and Recommendation is **ADOPTED**. (Doc. 27.) Defendant's Motion to Dismiss is **GRANTED**. (Doc. 14.) Defendant's Motion to Stay is **DISMISSED** as moot. (Doc. 15.) Plaintiff's Complaint is **DISMISSED**. (Doc. 1.) The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 30th day of May, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA